IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | Chapter 11 |
| GATEWAY WIRELESS, LLC | Case No. 18-31491 |
| Debtor. | |
| GATEWAY WIRELESS, LLC, | |
| Plaintiff, | Adversary No. 20-3028 |
| vs. | |
| ADDY SOURCE, LLC, | |
| Defendant. | |

## OPINION

This matter is before the Court on the Defendant's Motion to Dismiss Adversary Proceeding and the Plaintiff- Debtor's Objection thereto. The issue is whether the Plaintiff-Debtor is barred from commencing an avoidance action by the statute of limitations imposed by Section 546(a) of the Bankruptcy Code.

## FACTS

The facts of this case are not in dispute. On October 12, 2018, Gateway Wireless, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On March 24, 2020, the Court entered an order confirming the Debtor's Second Amended Plan of Reorganization ("Plan"). The Plan states the Debtor "intends to pursue various preferences and other avoidance actions. The Debtor will investigate, and, if necessary, file and prosecute actions to avoid various types of transfers as described in sections 544, 545, 547, 548 and 549 of the Bankruptcy Code." *Second Amended Chapter 11 Plan,* Case No. 18-31491, ECF Doc. 194, Section 9.02.

1

On May 27, 2020, the Court entered a *sua sponte* order ("Rule 3022 Order") for purposes of docket control stating:

> More than two months have elapsed since confirmation of the plan in this case and the record supports the entry of a final decree closing this case. Unless cause is shown within 21 days why a final decree should not be entered closing this case, the Court will assume that no such cause exists and will enter an appropriate final decree.

*Order setting requirements under Rule 3022,* Case No. 18-31491, ECF Doc. 214.

No response was filed to the May 27, 2020 order within the 21-day period, so a final decree was entered on June 18, 2020, closing the Chapter 11 case. The next day, on June 19, 2020, Debtor filed a "Motion to Set Aside Final Decree." Case No. 18-31491, ECF Doc. 217. The Motion to Set Aside Final Decree states that Debtor's counsel erred in docketing the deadline to file a response to the Rule 3022 Order, specifically, noting that the matter was calendared for a 30-day window by mistake, instead of a 21-day window. The Motion to Set Aside Final Decree further states that had a response been filed to the Rule 3022 Order, it would have stated that the Debtor will file within the next 60 days (a) the plan litigation referenced in the Second Amended Plan and (b) various preference actions. Although the Motion to Set Aside Final Decree did not reference any specific Bankruptcy Rule or Statute, the relief requested states, "The Debtor requests the court set aside the Final Decree entered on June 18, 2020." *Motion to Set Aside Final Decree*, Case No. 18-31491, ECF Doc. 217.

On June 22, 2020, the Court entered an order construing the Motion to Set Aside Final Decree as a Motion to Reopen, and the Debtor was directed to pay the filing fee of $1,167.00 before taking any further action. *Order Construing Motion to Set Aside as a Motion to Reopen Chapter 11 Case,* Case No. 18-31491, ECF Doc. 219. The Debtor paid the filing fee that same day, and on June 24, 2020, the Court entered an order granting the Debtor's Motion to Set Aside

Final Decree, and the case was reopened. *Order Granting Debtor's Motion to Reopen the Chapter 11 Case,* Case No. 18-31491, ECF Doc. 221.

On October 8, 2020, Debtor filed several Complaints to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§547, 548 and 550 ("Complaint"), commencing several adversary proceedings connected to the bankruptcy case, including the present adversary case, Case No. 20-3028. Counts I and II are avoidance actions, filed under Sections 547 and 548 of the Bankruptcy Code. Count III seeks the recovery of avoided transfers under Counts I and II pursuant to section 550 of the Bankruptcy Code.

An Answer was due to the Complaint on November 9, 2020. On November 9, 2020, Debtor filed a Motion for Extension of Time to File a Responsive Pleading. The Motion represented that the parties were discussing a settlement, so the Motion was granted, and Defendant was granted until December 9, 2020 to file a responsive pleading. On December 9, 2020, Defendant filed a Motion to Dismiss Adversary Proceeding ("Motion to Dismiss") and Brief in Support of the Motion to Dismiss, the subject of this opinion. The Motion to Dismiss seeks dismissal of the Complaint on the basis the Complaint was not timely filed pursuant to 11 U.S.C. §547. The Debtor filed an objection to the Motion to Dismiss on January 11, 2021, stating that the Complaint was not untimely due to the reopening the case. Defendant file a Reply Brief on January 21, 2021. A hearing was set for February 25, 2021, where this matter was taken under advisement.

## **DISCUSSION**

Rule 3022 of the Federal Rules of Bankruptcy Procedure governs the closing of a chapter 11 bankruptcy case and provides, "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a

3

final decree closing the case." Fed. R. Bankr. P. 3022. In the bankruptcy case, two months had elapsed since confirmation of the Second Amended Plan. The advisory committee note to Rule 3022 specifies:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022

The advisory committee note to Rule 3022 further provides, "The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders…" Fed. R. Bankr. P. 3022.

On May 27, 2020, for the purposes of docket control, the Court entered the Rule 3022 Order, allowing 21 days to show cause why a final decree should not be entered. As Debtor's counsel represented in his Motion to Set Aside Final Decree, he mistakenly calendared the time period as 30 days instead of 21 days. Therefore, no response was filed to the Rule 3022 Order, and a Final Decree closing the case was entered on June 18, 2020.

The very next day, Debtor's counsel filed a Motion to Set Aside Final Decree, seeking specifically to set aside the final decree entered on June 18, 2020 due to a mistake by Debtor's counsel in calendaring. The Motion to Set Aside Final Decree was granted, and the case was reopened.

Subsequently, Debtor filed a Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§547, 548 and 550. Section 546(a) of the Bankruptcy Code sets forth the statute of limitations for bringing avoidance actions and provides:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of--
> (1) the later of--
> (A) 2 years after the entry of the order for relief; or
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) *the time the case is closed or dismissed.*

(emphasis added) 11 U.S.C. §546(a).

Defendant contends that because the case was closed on June 18, 2020, the Complaint filed on October 8, 2020 is barred by the statute of limitations described in Section 546(a)(2), as an avoidance action may not be commenced after the case is closed according to the plain language of the statute.

However, Courts have recognized some exceptions to this rule, including setting aside a final decree pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure. When an order closing a case is entered and subsequently is vacated, the case was never "closed" for purposes of section 546(a)(2). *In re Feringa*, 376 B.R. 614, 627 (Bankr. W.D. Mich. 2007); *In re Las Uvas Valley Dairies*, 620 B.R. 348 (Bankr. D.N.M. 2020).

An order of the Court may be vacated under Bankruptcy Rule 9024. Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) sets forth the following six bases for relieving a party from a court's order:

(1) *mistake, inadvertence, surprise, or excusable neglect*;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

5

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

(emphasis added) Fed. R. Civ. P. 60(b).

Although the Debtor did not cite to a specific rule in filing its Motion to Set Aside Final Decree, the relief requested in the Motion was that the final decree, the court's order, be vacated due to Debtor's counsel's *mistake*, a basis listed in Rule 60 for relieving a party from a court's order. Rule 9024 provides protection against mistakes and other inadvertent conduct in situations when the entry of an order might cause an adverse result. *Feringa*, 376 B.R. at 623. For example, in *In re Feringa,* the Court stated:

> As for Rule 9024, it stands ready as a safety valve between Section 350 and Section 546(a)(2) to ensure that the balance otherwise struck is not unfairly applied. In other words, Rule 9024 provides the means for a trustee to still commence an avoidance action in a reopened case if, for example, that case had been previously closed because of mistake or inadvertence. Indeed, there is nothing unique with Rule 9024 serving this function in this instance, for Rule 9024 provides similar protection against mistakes and other inadvertent conduct in the myriad of other situations when the entry of an order or judgment might otherwise cause an adverse result.

*Id*. at 622-623.

Upon receipt of the Debtor's Motion to Set Aside Final Decree, the Court took into account that Debtor's counsel had made a calendaring mistake and had immediately moved to set aside the order. The intention of the Court when entering its order granting the Motion was that the final decree would be vacated to allow adversary complaints to be filed, as set forth in the Debtor's Second Amended Plan. The confirmed Second Amended Plan provides Debtor's intention to pursue various preference and avoidance actions. Further, the Motion to Set Aside provides for the Debtor's intention to pursue the "plan litigation referenced in the Second

Amended Plan" and "various preference actions." Upon granting the Motion to Set Aside, the Court's intention when entering its order on June 24, 2020 reopening the case was to allow the Debtor to pursue its preference and avoidance actions set forth in both the Plan and Motion to Set Aside Final Decree. Although the bankruptcy case was reopened, the final decree was vacated pursuant to Rule 9024 for purposes of allowing the Debtor to file adversary complaints that the Defendant had been made aware of in the Plan. The Court notes that no party filed an objection to the Motion to Set Aside or sought to vacate that order, thus making it a final order.

If the order closing the bankruptcy case is vacated, then Section 546(a)(2) no longer applies as a limit. *Id.* at 622. The Court granted the Debtor's Motion to Set Aside Final Decree for the purpose of allowing the Debtor to file the adversary proceedings included in both the Plan and Motion to Set Aside Final Decree. Therefore, because the final decree was vacated, the Debtor is not time barred by section 546(a)(2) from filing its Complaint.

Another exception to the plain meaning of section 546(a)(2) is the "properly and finally closed" exception.[1] Although both parties address this exception in their briefs, it is not necessary to address this exception, as the Debtor's Motion to Set Aside Final Decree has already been granted, therefore qualifying Debtor to fall under an exception.

Accordingly, for the reasons stated herein, the Debtor's Objection to the Defendant's Motion to Dismiss is sustained, and the Motion to Dismiss is denied.

SEE WRITTEN ORDER ENTERED THIS DATE.

ENTERED: March 17, 2021

/s/ Laura K. Grandy
_____
UNITED STATES BANKRUPTCY JUDGE/4

---

[1] See *Gross v. Petty (In re Petty)*, 93 B.R. 208 (9th Cir. BAP 1988) ("Once it has been established that the case was not properly closed and maybe reopened to administer the assets of the Debtor's estate it would be anomalous to bar the collection of the very assets sought to be recovered because the case was closed. The primary reason for reopening the case would be prohibited. Accordingly, the word "closed" in § 546(a)(2) must be read to mean properly and finally closed.")